UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-21118-UU

IN THE MATTER OF THE COMPLAINT OF
WILLIAM GLASSFORD, AS OWNER, FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY, OF A 1993 ROBALO 18'
RUNABOUT VESSEL, HULL ID NO.
CROA03RAG293

Petitioner.
_____/

**RESPONDENTS', JUAN MATHUAN AND CARLOS DEGASPERI
ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR EXONERATION
FROM OR LIMITATION OF LIABILITY AND CLAIMS AGAINST PETITIONER
WILLIAM GLASSFORD**

COME NOW the Respondents, JUAN MUTHUAN AND CARLOS DEGASPERI, by and through undersigned counsel, pursuant to 46 U.S.C. Sec. 30501 *et seq.*, Supplement Rule F(5) of the Federal Rules of Civil Procedure, Florida Law, and sets forth their Answer and Affirmative Defenses and Claims against Petitioner, WILLIAM GLASSFORD  (hereinafter "Petitioner"),  as owner of a 1993 Robalo 18' runabout vessel, hull Id CROA03rAG293 (hereinafter "Vessel"), Complaint for Exoneration from or Limitation of Liability, as follows:

**Answer**

1. Admitted for jurisdictional purposes only.

2. Admitted that Petitioner filed this instant action; Denied that they are entitled to the terms of the Liability Act.

3. Denied.

1

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that Petitioner seeks exoneration; Denied that they are entitled to exoneration.

9. Denied.

10. Denied.

11. Without Knowledge; therefore, Denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Respondents have no knowledge of what Petitioner believes, however, admitted.

30. Petitioner claims benefits, however, he is not entitled to those benefits.

31. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint for Exoneration from or Limitation of Liability fails to state a claim upon which relief may be granted.

2. Petitioner is not entitled to exoneration from, or limitation of, liability in these proceedings because Petitioner himself was the owner and operator, who negligently operated the Vessel on the date and at the time of this accident. Therefore, as an owner who was himself negligently operating the Vessel clearly was with privity and knowledge and cannot avail himself of the Limitation of Liability Act.

3. Petitioner is not entitled to exoneration or limitation of liability because at all times material, Petitioner was with privity or knowledge of any and all negligent conditions and/or defects and/or unseaworthiness of the Vessel which may have caused or contributed to the Respondents' injuries. Furthermore, at all times material, the Petitioner was with privity or knowledge that the vessel was being operated in a negligent and/or grossly negligent manner.

4. Pursuant to the "Savings to Suitors" clause, 28 U.S.C. sec, 1333, and all state law remedies, Respondent in filing this Answer and Claims, reserves all rights to pursue all available claims in the forum of her choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related

damages tried to a jury. The filing of this Answer and Claims in no way constitutes a waiver of her rights and defenses, and Respondent does not, through this filing, agree to join all issues in this proceeding.

5. Petitioner failed to file the Complaint within six (6) months of first written notice of claim. Therefore, subject matter jurisdiction is lacking for this limitation action.

6. The limitation fund is inadequate and the Complaint should be dismissed because the Petitioner has failed to deposit adequate security equal to the value of the boat. Therefore, the limitation fund is inadequate.

7. Respondent avers that all insurance amounts providing coverage for Petitioner for the events and occurrences of the incident at issue, must be included in the limitation fund in the event that the Petitioner prevails in this limitation of liability proceeding, which Respondent denies is appropriate for all the reasons stated herein.

8. Petitioner is not entitled to exoneration or limitation of liability because the *accident happened*-and the losses, damages or injuries resulting therefrom were done, occasioned and incurred-with the privity of knowledge of Petitioner and/or its agents and/or employees and/or servants and/or apparent agents. At all times, material, Petitioner could have and should have obtained the necessary information by reasonable inquiry or inspection.

9. Petitioner is not entitled to exoneration or limitation of liability because the *failure to properly use vessel equipment*, and any and all resulting loss, damage and/or injury was done or occasioned and incurred with the privity of knowledge of Petitioner and/or his agents and/or employees and/or servants and/or apparent agents. At all times material, Petitioner could have and should have obtained the necessary information by reasonable inquiry or inspection.

10. Petitioner is not entitled to exoneration or limitation of liability because Petitioner and/or their agents and/or employees and/or servants and/or apparent agents, are now and/or were at the time of the incident, with privity or knowledge of *any and all negligent conditions and/or defects of the vessel(s)* which may have caused or contributed to Respondent's injuries. At all times material, Petitioner could have and should have obtained the necessary information by reasonable inquiry or inspection.

11. Petitioner is not entitled to exoneration or limitation of liability because *Petitioner's negligence* and/or the negligence of its employees and/or agents, was the proximate cause of the injuries of Respondent.

12. Petitioner is not entitled to exoneration or limitation of liability because the accident and any and all damages, injuries and losses resulting from the incident were caused or contributed to by the fault, design, neglect, negligence, or lack of due care by Petitioner and/or their agents and/or employees and/or servants and/or apparent agents.

13. Petitioner is not entitled to exoneration of limitation of liability because Petitioner and/or their agents were negligent and/or grossly negligent causing Respondent's damages.

14. Petitioner is not entitled to exoneration or limitation of liability because the vessel was unsafe and unfit, causing the incident in question.

15. Petitioner is not entitled to exoneration or limitation of liability because the vessel is an inherently defective and ultra-hazardous vessel, causing the incident in question.

16. Petitioner is not entitled to exoneration or limitation of liability because the incident occurred as a result of human error, its own.

17. Petitioner is not entitled to exoneration or limitation of liability because Petitioner failed to comply with applicable navigation rules and regulations such that Petitioner is responsible in whole or in part for the subject incident.

18. The Limitation of Liability Act does not apply to this case because, at all relevant times, the subject vessel was operated in a willful, wanton and reckless manner, or, alternatively, the conduct and actions resulting in the Respondent's injuries took place with the privity and knowledge of Petitioner.

19. To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include any and all proceeds from any judgment, award or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner as a result of the fault or alleged fault of said third party.

20. To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include the value of the mineral and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel and/or owned by Petitioner.

21. The Limitation of Liability Act does not apply to this case, because, at all relevant times, Petitioner knew or should have known the subject vessel to be unseaworthy.

22. The Limitation of Liability Act is unavailable to Petitioner insurer(s).

23. Petitioner is not entitled to exoneration from or limitation of liability, and the Complaint should therefore be denied, because the events culminating in the injuries of the Respondent were the result of the negligence or fault of the Petitioner, the negligence or fault of

those for whom the Petitioner is responsible, the unseaworthiness of the vessel, all of which was with the privity and knowledge of the Petitioner.

24. Petitioner is not entitled to exoneration from or limitation of liability, and the Complaint should therefore be denied, because Petitioner's violation of the applicable navigational rules constituted negligence *per se*.

25. Petitioner is not entitled to exoneration from or limitation of liability and the Complaint should therefore be denied, because Petitioner's violation of the applicable navigational rules invokes "The Pennsylvania Rule" presumption wherein Petitioner must prove that its violation of the applicable navigational rules neither caused nor contributed to the collision in order to prevail.  See, The Pennsylvania, 86 U.S. 148 (1873).

26. The Affidavit of Value, the Ad Interim Stipulation for Value and/or Letter of Undertaking filed by Petitioner does not accurately represent the true post casualty value of the subject vessel.

27. To the extent the Petitioner, now or in the future, asserts a third party action or otherwise seeks indemnity or contribution from any person or entity, that the Petitioner's cause of action and any ultimate recovery inures to the benefit of the Respondent and is to be added to the Limitation Fund.

28. Petitioner is not entitled to exoneration from or limitation of liability because on August 7, 2020, the vessel was on a local voyage which is not subject to limitation of liability pursuant to the "in sight of home port doctrine."  See, e.g., In re J.R. Nicholls, LLC, No. H-10-449, 2012 WL 1802588, at *5, 2012 A.M.C. 1770 (S.D.Tex. May 17, 2012).  See also, Haney v. Miller's Launch, Inc., 773 F.Supp.2d 280,289-90 (E.D.N.Y. 2010).

WHEREFORE, the Respondents, JUAN MUTHUAN AND CARLOS DEGASPERI, respectfully requests this Court enter an Order denying Petitioner's Petition for Exoneration from or Limitation of Liability and awarding to Respondent any and all damages allowed by law or equity that this Court deems reasonable, including any and all attorneys' fees and costs associated with this action.

<u>**COUNT I**</u>
<u>**CLAIM OF JUAN MUTHUAN AGAINST PETITIONER,**</u>
<u>**WILLIAM GLASSFORD.**</u>

COMES NOW, specifically reserving all defenses asserted herein, Respondent/Plaintiff, JUAN MUTHUAN**,** and respectfully alleges and makes her claim against Petitioner/Defendant, WILIAM GLASSFORD, as follows:

1. This is an action for negligence which occurred on navigable waters in and around Wiggins Pass in Bonita Springs, Florida.

2. Pursuant to Federal Rule of Civil Procedure 13, this claim arises out of the same transaction and occurrence as does the Petitioner's Complaint for Exoneration from or Limitation of Liability and is also a compulsory counterclaim to said Complaint.

3. DATE OF ACCIDENT: January 4, 2021

4. PLACE OF INCIDENT: In and around North of West Point in Bear Cut Channel in Biscayne Bay, Miami, Florida.

5. VESSEL(s): 1993 ROBALO 18' RUNABOUT VESSEL, HULL ID NO. CROA03RAG293 ("Vessel").

6. FACTS OF INCIDENT: The Petitioner/owner of the 1993 Robolo Runabout was the owner and operator of the vessel. He negligently operated the vessel and collided with the vessel in which JUAN MUTHUAN was a passenger. As a result JUAN MUTHUAN was injured.

7. The causes of action asserted in this Claim arise under the Florida law and Maritime law where applicable.

8. At all times material hereto, the vessel was in navigable waterways.

9. At all times Petitioner/Defendant, WILLIAM GLASSFORD, owed a duty of reasonable care under the circumstances to Respondent/Plaintiff, JUAN MUTHUAN.

10. At all times material hereto the Vessel at issue, was owned, operated, managed, maintained and/or controlled by Petitioner/Defendant, WILLIAM GLASSFORD.

11. On or about January 4, 2021, Petitioner/ Defendant, WILLIAM GLASSFOR, negligently operated the Vessel and struck the vessel containing Respondent/Plaintiff, JUAN MUTHUAN.

12. Petitioner/Defendant, WILLIAM GLASSFORD, was negligent in one or more of the following ways:

   a. Failure to properly navigate the vessel;

   b. Failure to keep a lookout;

   c. Failure to maintain a safe speed;

   d. Failure to slow the vessel speed based on the conditions;

   e. Failure to use vessel instrumentation, observe vessel instrumentation, and/or failed to keep vessel instrumentation operational;

   f. Failure to appropriately maneuver the vessel;

   g. Failure avoid the vessel he collided with;

   h. Failure to warn the Plaintiff of the danger of the collision.

13. At all times material hereto, Petitioner/Defendant, WILLIAM GLASSFORD, breached his aforementioned duties, when he failed to use reasonable care in the operation of the Vessel.

14. As a proximate result of the negligence of Petitioner/Defendant, WILLIAM GLASSOFRD, the Respondent/Plaintiff, JUAN MUTHUAN suffered injuries and damages.

15. Due to the negligence of the Petitioner/Defendant, WILLIAM GLASSFORD, the Respondent was injured about his body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, medical expenses of hospitalizations, medical and nursing care and treatment, and/or an aggravation of a previously existing condition. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Respondent/Plaintiff, JUAN MUTHUAN, demands judgment against Petitioner, WILLIAM GLASSFORD, for all compensatory damages awardable under the law including, attorney's fees, costs, and pre-and post-judgment interest, and demands a trial by jury of all issues so triable.

### COUNT II
### CLAIM OF CARLOS DEGASPERI AGAINST PETITIONER, WILLIAM GLASSFORD.

COMES NOW, specifically reserving all defenses asserted herein, Respondent/Plaintiff, CARLOS DEGASPERI, and respectfully alleges and makes her claim against Petitioner/Defendant, WILIAM GLASSFORD, as follows:

16. This is an action for negligence which occurred on navigable waters in and around Wiggins Pass in Bonita Springs, Florida.

17. Pursuant to Federal Rule of Civil Procedure 13, this claim arises out of the same transaction and occurrence as does the Petitioner's Complaint for Exoneration from or Limitation of Liability and is also a compulsory counterclaim to said Complaint.

18. DATE OF ACCIDENT: January 4, 2021

19. PLACE OF INCIDENT: In and around North of West Point in Bear Cut Channel in Biscayne Bay, Miami, Florida.

20. VESSEL(s): 1993 ROBALO 18' RUNABOUT VESSEL, HULL ID NO. CROA03RAG293 ("Vessel").

21. FACTS OF INCIDENT: The Petitioner/owner of the 1993 Robolo Runabout was the owner and operator of the vessel. He negligently operated the vessel and collided with the vessel in which JUAN DESPARADOZ was a passenger. As a result, CARLOS DEGASPERI was injured.

22. The causes of action asserted in this Claim arise under the Florida law and Maritime law where applicable.

23. At all times material hereto, the vessel was in navigable waterways.

24. At all times Petitioner/Defendant, WILLIAM GLASSFORD, owed a duty of reasonable care under the circumstances to Respondent/Plaintiff, CARLOS DEGASPERI.

25. At all times material hereto the Vessel at issue, was owned, operated, managed, maintained and/or controlled by Petitioner/Defendant, WILLIAM GLASSFORD.

26. On or about January 4, 2021, Petitioner/ Defendant, WILLIAM GLASSFORD, negligently operated the Vessel and struck the vessel in which Respondent/Plaintiff, CARLOS DEGASPERI was a passenger.

27. Petitioner/Defendant, WILLIAM GLASSFORD, was negligent in one or more of the following ways:

   i. Failure to properly navigate the vessel;

   j. Failure to keep a lookout;

   k. Failure to maintain a safe speed;

   l. Failure to slow the vessel speed based on the conditions;

   m. Failure to use vessel instrumentation, observe vessel instrumentation, and/or failed to keep vessel instrumentation operational;

   n. Failure to appropriately maneuver the vessel;

   o. Failure avoid the vessel he collided with;

   p. Failure to warn the Plaintiff of the danger of the collision.

28. At all times material hereto, Petitioner/Defendant, WILLIAM GLASSFORD, breached his aforementioned duties, when he failed to use reasonable care in the operation of the Vessel.

29. As a proximate result of the negligence of Petitioner/Defendant, WILLIAM GLASSFORD, the Respondent/Plaintiff CARLOS DEGASPERI, suffered injuries and damages.

30. Due to the negligence of the Petitioner/Defendant, WILLIAM GLASSFORD, the Respondent was injured about his body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, medical expenses of hospitalizations, medical and nursing care and treatment, and/or an aggravation of a previously existing condition. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Respondent/Plaintiff, CARLOS DEGASPERI, demands judgment against Petitioner/Defendant, WILLIAM GLASSFORD, for all compensatory damages awardable under the law including, attorney's fees, costs, and pre-and post-judgment interest, and demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2021, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will generate a copy to the following counsel of record:  Richard J. McAlpin, Esquire and Daniel S. Marcotte, Esquire, McAlpin Conroy, P.A., Brickell City Tower, 80 S.W. 8th Street, Suite 2805, Miami, FL 33130 [rmcalpin@mcalpinconroy.com; dmarcotte@mcalpinconroy.com].

>  **/s/ *Adam Brum, Esquire***
> Adam Brum, Esquire
> Florida Bar #: 999512
> Morgan & Morgan
> 111 2nd Avenue NE, Suite 1600
> St. Petersburg, FL 33701
> Telephone:  (727) 318-6357
> Facsimile:   (727) 318-382
> Primary Email:   abrum@forthepeople.com
> Secondary Email:  meichinger@forthepeople.com
> Attorney for RESPONDENTS